UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Norfolk Southern Railway Company, | C/A No.: 3:25-cv-06618-SAL |
| Plaintiff, | |
| v. | |
| American Italian Pasta Company | **JOINT DISCOVERY PLAN AND LOCAL RULE 26.03 REPORT** |
| Defendant. | |

The Parties, having consulted pursuant to Fed. R. Civ. P. 26(f), hereby submit their discovery plan and their report of the information required by Local Civil Rule 26.03 (D.S.C.).

**DISCOVERY PLAN**

In accordance with Fed. R. Civ. P. 26(f)(3), the Parties submit the following views and proposals:

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

RESPONSE: The Parties have, by stipulation, agreed not to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1). The remaining Rule 26(a) disclosures shall be made in accordance with the proposed Consent Amended Conference & Scheduling Order, submitted contemporaneously herewith.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

RESPONSE: The Parties have identified no need to conduct discovery in phases and agree that discovery should be limited generally to the claims and defenses raised by the Parties'

1

pleadings in this case. The Parties anticipate that discovery should be completed by the deadlines established in their proposed Consent Amended Conference & Scheduling Order.

**(C)** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

RESPONSE: The Parties have identified no issues to report to the Court regarding disclosure or discovery of electronically stored information and agree that all such information shall be produced in native format, except by agreement otherwise among the parties. The Parties further agree to accept service of discovery requests and responses by electronic mail or other electronic means.

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including-if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

RESPONSE: The Parties are unaware of any issues regarding claims of privilege or protection of trial-preparation materials; however, they reserve their rights to withhold potentially responsive materials on the basis of any applicable privileges, including materials protected by the work-product doctrine. Any materials withheld shall be included on an appropriate Rule 26 privilege log. The Parties will jointly submit a protective order if it appears any documents being produced need such protection.

**(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

RESPONSE: The Parties are not aware of any such changes at this time.

**(F)** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

RESPONSE: The parties are submitting a proposed confidentiality order for the Court's consideration. Other than the protective order and the proposed Consent Amended Conference & Scheduling Order, the Parties are not aware of any other orders needed at this time.

**LOCAL RULE 26.03 REPORT**

1. **A short statement of the facts of the case.**

PLAINTIFF'S RESPONSE: This action by Plaintiff seeks to hold Defendant liable for damages sustained by Plaintiff on or about July 11, 2022, allegedly due to the negligence of Defendant's employee in operating a locomotive at Defendant's facility in Richland County, South Carolina that caused a derailment, as well as seeking indemnification from all damages and expenses incurred by Plaintiff relating to the derailment. Plaintiff asserts claims of contractual indemnity, equitable indemnification, negligence, trespass, and punitive damages. In support of its claims, Plaintiff alleges that, as a result of Defendant's employee's negligent movement of rail cars on Defendant's industry track and the subsequent derailment, it suffered damages and expenses. Plaintiff alleges that the proximate cause of the damages and expenses was Defendant's employee's failure to properly control the movement of rail cars on the industry track as well as Defendant's failure to properly train its employee and failure to warn Plaintiff about the known or reasonably foreseeable danger associated with Defendant's rail equipment fouling Plaintiff's mainline track. Defendant denies Plaintiff's allegations.

DEFENDANT'S RESPONSE: On July 11, 2022, Norfolk Southern Railway Company ("NS") employees David Small and Raymond Rightmier were serving as the locomotive engineer and conductor, respectively, on an NS-operated train traveling westbound on an NS main line track. The train was approaching the vicinity of a track intersection located near the premises of Defendant American Italian Pasta Company ("AIPC") in Richland County. Approximately one

hour prior to the NS train's arrival at this intersection, a locomotive belonging to AIPC derailed from its industrial track and entered into the foul of the NS main line. The AIPC industrial track was equipped with a switch point derail device, which was owned, maintained, and controlled by NS. At the time of the incident, AIPC employee Rico Blanchett was operating the AIPC locomotive and was attempting to move six rail cars past the switch point in order to perform a reverse movement toward the AIPC plant. However, Mr. Blanchett failed to properly engage the air brakes on the AIPC locomotive, resulting in the train unintentionally traversing the NS derail. Mr. Blanchett has acknowledged that he did not correctly apply the train's air brakes prior to the derailment. Defendant contends that the NS-installed derail device failed to function as designed and intended—specifically, that it did not successfully divert the AIPC locomotive away from the main line to prevent an incursion into the foul of the track. As such, Defendant asserts that the alleged malfunction or ineffectiveness of the NS derail either caused or materially contributed to the resulting damage to the NS main line. Additionally, Defendant alleges that NS employees Small and Rightmier contributed to, or failed to prevent, the damage to the NS track by not taking appropriate or timely action in response to the fouled main line ahead of them.

**2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

RESPONSE: At this time, the Parties have identified the following fact witnesses likely to be called:

A. <u>PLAINTIFF'S WITNESSES</u>:

1. Rico Blanchett

Mr. Blanchett is the former employee of Defendant that operated the locomotive on the industry track and is expected to testify about his actions before and after the locomotive derailed.

4

2. Raymond Rightmier

Mr. Rightmier is a former Conductor for Norfolk Southern who was operating the train on Norfolk Southern's mainline track when it collided with Defendant's derailed locomotive. Mr. Rightmier has knowledge of the derailment and his observations before and after the incident.

3. David Small

Mr. Small is a former Engineer for Norfolk Southern who was operating the train on Norfolk Southern's mainline track when it collided with Defendant's derailed locomotive. Mr. Small has knowledge of the derailment and his observations before and after the incident.

4. Joseph Hall

Mr. Hall is the Senior Road Foreman of Engines for Norfolk Southern and has knowledge of the investigation conducted following the derailment.

5. Dustin Hall

Mr. Hall is a Track Supervisor for Norfolk Southern and has knowledge of the investigation conducted following the derailment and the property damage sustained by Norfolk Southern.

6. Rhen Marshall

Mr. Marshall is an employee of Defendant who was Rico Blanchett's supervisor on the date of the incident and is expected to testify about his training of Mr. Blanchett and whether Mr. Blanchett's actions that day were consistent with his training.

7. Justin Brooks

Mr. Brooks is a Chief Engineer for Norfolk Southern's southern region and has knowledge of the investigation conducted following the derailment and the repair of Norfolk Southern's mainline track.

8. Jason Scarpa

Mr. Scarpa is a Manager of Miscellaneous Billing at Norfolk Southern and has knowledge of the damages and expenses incurred by Norfolk Southern relating to the derailment and subsequent litigation.

9. Joseph Fianchino

Mr. Fianchino is a Railroad Safety Inspector with the South Carolina Office of Regulatory Staff and is expected to testify regarding the FRA's final conclusion that Norfolk Southern's derail device was properly installed and did not contribute to the derailment.

B.  DEFENDANT'S WITNESSES:

The Defendant has not determined the exact name and number of fact witnesses they will call in this matter. Subject to his right to supplement this disclosure, the Defendant identifies the following likely witnesses at this time:

1. David Small – Mr. Small was on the two-man NS crew and he is expected to testify as to the facts and circumstances surrounding the alleged incident.

2. Raymond Rightmier - Mr. Rightmier was on the two-man NS crew and he is expected to testify as to the facts and circumstances surrounding the alleged incident.

3. Enrico Blanchett – Mr. Blanchett is a former AIPC employee who operated the AIPC locomotive on the day of the incident, and he is expected to testify as to the facts and circumstances surrounding the alleged incident.

4. Rhen Marshall – Mr. Marhsall is an AIPC employee who supervised and trained Mr. Blanchett and is expected to testify as to the facts and circumstances surrounding the alleged incident.

5. Timothy Tucker – Mr. Tucker is the NS Terminal Superintendent and is expected to testify as to the facts and circumstances surrounding the alleged incident and the derail.

6. Joseph Hall – Mr. Tucket is the NS Road Foreman and is expected to testify as to the facts and circumstances surrounding the alleged incident and the derail.

7. Dustin Hall – Mr. Hall is the NS track supervisor and is expected to testify as to the facts and circumstances surrounding the alleged incident and the derail.

8. Joseph Fianchino – Mr. Fianchino works at the SC Office of Regulatory Staff Railroad Safety Department and is expected to testify as to the facts and circumstances surrounding the alleged incident and the derail and his investigation into the same.

9. Darius Mack – Mr. Mack is the Region 5 specialist who reversed the NS violation and is expected to testify as to the same.

**3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

A. <u>PLAINTIFF'S RESPONSE</u>: Norfolk Southern will identify expert witnesses in accordance with the Court's scheduling order. At this time, Norfolk Southern anticipates that expert testimony will be offered with respect to issues regarding the following: railroad safety and railroad track engineering. Plaintiff may identify other subjects that require expert testimony as discovery progresses.

B. <u>DEFENDANTS' RESPONSE</u>:

Allen K. Powers, P.E.
AXIS ENGINEERING LLC

> 5929 Knight Ave
> Tuscaloosa, Alabama 35405
> Phone (205) 758-4488

Mr. Powers is a forensic engineer and accident reconstructionist. He performed an inspection of the scene, took measurements, and obtained drone footage. He has reviewed records produced in discovery, deposition testimony, and other materials. Based upon his review, he is expected to testify regarding site measurements, the train deceleration rate, whether Mr. Small and Mr. Rightmier could have avoided impact and at what distance. He also has created animations. He does not currently have a report.

> Stephanie Borzendowski, Ph.D, CXLT, CPSI
> Perceptio Forensics
> 2245-C Ashley Crossing Dr. #147
> Charleston, SC 29414
> 843-408-3712

Dr. Borzendowksi is a human factors expert who has reviewed deposition testimony and videos and images of the scene. She is expected to testify regarding Mr. Small and Mr. Rightmier's ability to perceive and react to the fouled main line. She does not currently have a report.

Defendant also envisions the following fields of expertise are likely to be invoked: 1) train safety and handling; 2) operation and function of track components, including a switch point derail; 3) track valuation and damage appraisal.

**4.     A summary of the claims or defenses with statutory and/or case citations.**

A.     <u>PLAINTIFF'S RESPONSE</u>:     Plaintiff makes the following claims: contractual indemnity (*See Southern Ry. Co. v. Spring Mills, Inc.*, 625 F.2d 496 (4th Cir. 1980) (applying South Carolina law)); equitable indemnification (*See Stuck v. Pioneer Logging Machinery, Inc.*, 279 S.C. 22, 301 S.E.2d 552 (1983); negligence (*See generally Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002)); trespass (*See generally Charleston Joint Venture v. McPherson*,

8

308 S.C. 145, 417 S.E.2d 544 (1992)); and punitive damages (*See generally Mattison v. Dallas Carrier Corp.*, 947 F.2d 95 (4th Cir. 1991) (applying South Carolina law)).

B. <u>DEFENDANTS' RESPONSE</u>:

a. No Proximate Cause: *Bishop v. South Carolina Dep't of Mental Health*, 331 S.C. 79, 502 S.E.2d 78 (1998); *Small v. Pioneer Machinery, Inc.*, 329 S.C. 448, 494 S.E.2d 835 (Ct. App. 1997); *Wallace v. Owens-Illinois, Inc.*, 300 S.C. 518, 389 S.E.2d 155 (Ct. App. 1989).

b. Failure to State a Claim: The Defendant asserts that the Plaintiffs have failed to state a claim upon which relief can be granted for some or all of the causes of action contained in the Complaint. Rule 12(b)(6), Federal Rules of Civil Procedure; *Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623 (D.S.C. 2010).

c. Lack of Foreseeability: The Defendant could not have foreseen that Plaintiffs' damages, if any, could have proximately resulted from the Defendant's acts or omissions. *Bray v. Marathon Corp.*, 356 S.C. 111, 116-17, 588 S.E.2d 93, 95 (2003); *Koester v. Carolina Rental Ctr., Inc.*, 313 S.C. 490, 443 S.E.2d 392 (1994); *Trivelas v. S.C. Dep't of Transp.*, 348 S.C. 125, 558 S.E.2d 271 (Ct. App. 2001); *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 463, 494 S.E.2d 835, 842 (Ct. App. 1997).

d. Unforeseeable Intervening or Superseding Events: The Defendant asserts that the damages complained of were the sole result of the intervening or superseding acts of a person or entity over which the Defendant does not have control. *Lewis v. Seaboard Air Line Ry. Co.*, 166 S.E. 134, 137 (S.C. 1932); *Small v. Pioneer Machinery, Inc.*, 329 S.C. 448, 494 S.E.2d 835 (Ct. App. 1997); *Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 463 S.E.2d 636 (Ct. App. 1995).

e. Comparative Negligence: *Ervin v. Continental Conveyor & Equip. Co. Inc.*, 674 F. Supp. 2d 709 (D.S.C. 2009).

f. Reasonableness and Good Faith: The Defendant asserts as an affirmative defense that the Defendant acted reasonably and in good faith at all times material herein, based on the material facts and circumstances known by the Defendant. The defense will be supported by the records and testimony of witnesses. *Consol. Insured Benefits, Inc. v. Conseco Med. Ins. Co.*, No. 6:03-cv-02311-RBH, 2006 U.S. Dist. LEXIS 85755 (D.S.C. Nov 27, 2006).

g. Failure to mitigate damages. Genovese v. Bergeron, 327 S.C. 567, 572 (Ct. App 1997); *C&O Motors, Inc. v. GMC*, 323 Fed. Appx. 193, 197 (4th Cir. 2009).

h. Setoff/offset - If during the course of discovery it is discovered that NS has received payment or reimbursement for some or all of its alleged damages from third parties, AIPC may be entitled to a set-off as consistent with applicable law.

i. No double recovery - If during the course of discovery it is discovered that NS has received payment or reimbursement for some or all of its alleged damages from third parties, NS should be barred from double recovery as consistent with applicable law.

j. 49 CFR Part 213 Track Safety Standards including but not limited to 49 CFR Part 213.201, 213.205, Part 213.233, Part 213.241, Part 213.357 and other regulatory requirements as well as the operating rules of Norfolk Southern as required by federal regulation.

k. No punitive damages/Punitive Damages cap - Plaintiff is not entitled to an award of treble, exemplary, or punitive damages because this Defendant did not commit any malicious, willful, wanton, or reckless act; because none of the aggravating factors set forth in S.C. Code Ann. § 15-32-520(D) was present. Plaintiff is not entitled to an award of treble, exemplary, or punitive damages because such an award would be contrary to the purposes for which such damages may be allowed as set forth in S.C. Code Ann. § 15-32-520(E), contrary to public policy, inherently unfair, and inequitable. Plaintiff is not entitled to an award of treble, exemplary, or

punitive damages because such an award would be excessive and/or the result of passion or prejudice in violation of S.C. Code Ann. § 15-32-520(F). Further, any award of treble, exemplary, or punitive damages to which Plaintiff is entitled, which entitlement is expressly denied, must be capped at the limits described in S.C. Code Ann. § 15-32-530.

l. Reservation and Non-Waiver: The Defendant reserves any and all further defenses that may be revealed by additional information during the course of discovery investigation, and as is consistent with the Federal Rules of Civil Procedure, including the right to name third-party defendants.

5. **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.):**
   **(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures;**
   **(b) Completion of discovery.**

   RESPONSE: The Parties request the deadlines for these actions as reflected in their proposed Consent Amended Conference & Scheduling Order.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

   RESPONSE: There are none known to the Parties at this time.

7. **Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.**

   RESPONSE: The Parties are not aware of any such additional information.

Respectfully submitted this 22nd day of September, 2025.

| PLAINTIFF | DEFENDANT |
|---|---|
| **GALLIVAN, WHITE & BOYD, P.A.** | **HOOD LAW FIRM, LLC** |
| *s/ Ronald K. Wray, II* | *s/ John O. Radeck, Jr.* |
| Ronald K. Wray, II (Fed. Bar # 5763) | James B. Hood (Fed. Bar # 9130) |

William E. Whitney, III (Fed. Bar # 14024)  
55 Beattie Place, Suite 1200  
P.O. Box 10589  
Greenville, South Carolina 29603  
(864) 271-5362  
rwray@gwblawfirm.com  
wwhitney@gwblawfirm.com  

*Attorneys for Plaintiff*  
*Norfolk Southern Railway Company*

james.hood@hoodlaw.com  
John O. Radeck, Jr. (Fed. Bar # 12021)  
john.radeck@hoodlaw.com  
172 Meeting Street  
P.O. Box 1508  
Charleston, South Carolina 29402  
(843) 577-4435  

*Attorneys for Defendant American Italian Pasta Company*