UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Norfolk Southern Railway Company, | ) | C/A No. 3:25-cv-06618-SAL |
| *Plaintiff*, | ) ) | **DEFENDANT AMERICAN ITALIAN PASTA COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| Versus | ) ) | |
| American Italian Pasta Company, and Treehouse Foods, Inc., | ) ) ) | **(Jury Trial Requested)** |
| *Defendants*. | ) | |

COMES NOW, the Defendant American Italian Pasta Company (hereinafter "this Defendant"), by and through its undersigned attorneys hereby respond to the allegations in the Plaintiff's Complaint subject to all affirmative defenses and motions as follows:

1.  This Defendant denies each and every allegation of the Plaintiff's Complaint which is not specifically admitted herein.

### AS TO PARTIES, JURISDICTION AND VENUE

2.  The allegations contained in Paragraph 1 of the Complaint are not directed at Defendant such that no response is required.

3.  In response to the allegations contained in Paragraph 2 of the Complaint, admitted that Defendant is a foreign corporation only. The remaining allegations are denied.

4.  The allegations contained in Paragraph 3 of the Complaint are not directed at Defendant such that no response is required. Further responding, denied.

5.  In response to the allegations contained in Paragraph 4 of the Complaint, admitted.

6. In response to the allegations contained in Paragraph 5 of the Complaint, these allegations contain conclusions of law such that no response is required. To the extent a response is required, admitted as to Defendant AIPC.

7. In response to the allegations contained in Paragraph 6 of the Complaint, these allegations contain conclusions of law such that no response is required. To the extent a response is required, Defendant AIPC does not challenge jurisdiction.

8. In response to the allegations contained in Paragraph 7 of the Complaint, these allegations contain conclusions of law such that no response is required. To the extent a response is required, Defendant AIPC does not challenge venue.

## AS TO FACTUAL BACKGROUND

9. In response to the allegations contained in Paragraphs 8 and 9 of the Complaint, the allegations are not directed at Defendant such that no response is required.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendant AIPC admits the allegations. The allegations are denied as to Defendant Treehouse.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendant AIPC admits the allegations.

12. In response to the allegations contained in Paragraphs 12 and 13 of the Complaint, Defendant AIPC admits the allegations as to AIPC only.

13. The allegations contained in Paragraph 14 of the Complaint are not directed at Defendant AIPC such that no response is required. To the extent a response is required, Defendant AIPC would reference the contract itself and deny the allegations as written.

14. In response to the allegations contained in Paragraph 15 of the Compliant, Defendant AIPC admits the allegations as to AIPC. The allegations are denied as to Defendant Treehouse.

15. The allegations contained in Paragraph 16 of the Complaint state conclusions of law such that no response is required. To the extent a response is required, Defendant AIPC admits only that Blanchett was acting in the course and scope of his employment with AIPC at all times relevant herein. The remaining allegations are denied and specifically denied as to Defendant Treehouse.

16. In response to the allegations contained in Paragraph 17 of the Complaint, denied as to sentence one. In response to the remaining allegations, admitted as to Defendant AIPC.

17. In response to the allegations contained in Paragraph 18 of the Complaint, Defendant AIPC denies the allegations as written.

18. The allegations contained in Paragraph 19 of the Complaint are not directed at Defendant AIPC such that no response is required.

19. In response to Paragraph 20 of the Complaint, upon information and belief, admitted.

20. In response to Paragraph 21 of the Complaint, upon information and belief, admitted.

21. In response to Paragraph 22 of the Complaint, Defendant is without sufficient information to either admit or deny the allegations. Therefore, the allegations are denied as written.

22. In response to Paragraph 23 of the Complaint, denied as written.

23. In response to Paragraph 24 of the Complaint, the allegations are not directed at Defendant AIPC such that no response is required. To the extent a response is required, Defendant admits only that the derail did not operate to derail the locomotive.

24. In response to Paragraph 25 of the Complaint, upon information and belief, admitted.

25. In response to Paragraph 26 of the Complaint, upon information and belief, admitted.

26. In response to Paragraph 27 of the Complaint, Defendant AIPC states that it was not aware of the derail before the collision and therefore admits that it did not inform Norfolk Southern.

27. In response to Paragraphs 28 and 29 of the Complaint, denied as written. Defendant AIPC was not aware of the derail prior to the collision.

28. The allegations contained in Paragraph 30 of the Complaint are not directed at Defendant AIPC such that no response is required. To the extent a response is required, denied as written.

29. In response to Paragraph 31 of the Complaint, admitted as to Defendant AIPC.

30. The allegations contained in Paragraph 32 of the Complaint are not directed at Defendant AIPC such that no response is required. To the extent a response is required, admitted only that there was obvious property damage. Further responding, Defendant is without sufficient information or belief to admit or deny the allegations at this time.

31. In response to Paragraph 33 of the Complaint, denied.

32. The allegations contained in Paragraph 34 of the Complaint are not directed at Defendant AIPC such that no response is required.

33. In response to Paragraph 35 of the Complaint, admitted.

34. In response to Paragraph 36 of the Complaint, these allegations are improper and in violation of the Rules of Evidence. Further responding, denied as written.

35. The allegations contained in Paragraph 37 of the Complaint are not directed at Defendant AIPC such that no response is required.

36. In response to Paragraph 38 of the Complaint, denied as written.

## AS TO THE FIRST CAUSE OF ACTION
### (Contractual Indemnity)

37. In response to allegations contained in Paragraph 39 of the Plaintiff's Complaint, this Defendant reasserts and realleges the above paragraphs as if fully restated herein verbatim.

38. In response to Paragraphs 40 and 41 of the Complaint, Defendant would crave reference to the contract itself and deny any allegations inconsistent therewith.

39. In response to Paragraph 42 of the Complaint, admitted.

40. In response to Paragraph 43 of the Complaint, admitted.

41. In response to Paragraphs 44, 45, 46, and 47, denied as written.

## AS TO THE SECOND CAUSE OF ACTION
### (Equitable Indemnification)

42. In response to the allegations contained in Paragraph 48 of the Plaintiff's Complaint, this Defendant reasserts and realleges the above paragraphs as if fully restated herein verbatim.

43. The allegations contained in Paragraph 49 of the Complaint state conclusions of law such that no response is required. To the extent a response is required, denied as written.

44. In response to the allegations contained in Paragraph 50, denied as written.

45. In response to the allegations contained in Paragraph 51, denied as written.

46. The allegations contained in Paragraphs 52 and 53 of the Complaint are not directed at Defendant AIPC such that no response is required.

47. In response to the allegations contained in Paragraph 54, denied as written.

## AS TO THE THIRD CAUSE OF ACTION
### (Negligence)

48. In response to allegations contained in Paragraph 55 of the Plaintiff's Complaint, this Defendant reasserts and realleges the above paragraphs as if fully restated herein verbatim.

49. In response to the allegations contained in Paragraphs 56 and 57 of the Complaint, denied as written.

50. In response to the allegations contained in Paragraph 58 of the Complaint, Defendant AIPC admits that it would have warned Norfolk Southern had it been aware of the derailment.

51. In response to the allegations in Paragraph 59, including the subparts, and Paragraph 60, denied.

## AS TO THE FOURTH CAUSE OF ACTION
### (Trespass)

52. In response to allegations contained in Paragraph 61 of the Plaintiff's Complaint, this Defendant reasserts and realleges the above paragraphs as if fully restated herein verbatim.

53. In response to the allegations contained in Paragraph 62, 63, 64, and 65 of the Complaint are denied.

## AS TO THE FIFTH CAUSE OF ACTION
### (Punitive Damages)

54. In response to allegations contained in Paragraph 66 of the Plaintiff's Complaint, this Defendant reasserts and realleges the above paragraphs as if fully restated herein verbatim.

55. The allegations contained in Paragraph 67 of the Complaint are not directed at Defendant AIPC such that no response is required.

56. In response to the allegations contained in Paragraph 68, 69, 70 and 71, including the WHEREFORE clause of the Complaint, denied.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(No Proximate Cause)**

57. That, even if the Defendant was negligent, as alleged in the Complaint, which is specifically denied, the negligence of the Defendant was not the direct or proximate cause of any injury or damages alleged by Plaintiff and therefore the Defendant is not liable for any damages allegedly sustained by the Plaintiff.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Reasonableness and Good Faith)**

58. The Defendant alleges that they acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by it at the time it so acted. Accordingly, Plaintiff is not entitled to the recovery of any damages whatsoever.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Unforeseeable Intervening of Superseding Events)**

59. The damages complained of were solely the result of unforeseeable intervening or superseding events over which the Defendant had no control.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(No Breach)**

60. Defendant did not breach any purported duty owed to Plaintiff or contract so as to bar the Plaintiff from recovery against the Defendant.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Failure to State a Claim)**

61. The allegations contained in Complaint fails in its entirety to state a claim upon which relief may be granted against the Defendant.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Comparative Negligence)**

62. The Defendants allege that any injuries received by Plaintiff, as alleged in the Complaint, if any, were due to and caused by and were the direct and proximate result of acts of negligence on the part of a third party, namely Norfolk Southern's own employees, over whom the Defendants had no control, so as to bar the claims of Plaintiff against the Defendant.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANTS ALLEGE:
(Lack of Foreseeability)**

63. That upon information and belief, even if the damages alleged in Plaintiff's Complaint, were proximately caused by the acts and/or omissions of the Defendant, which is otherwise denied except for the purpose of these affirmative defenses, the Defendant did not and could not have foreseen that Plaintiff's damages, if any, could have proximately resulted from the Defendant's alleged acts or omissions.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
THIS DEFENDANT ALLEGES:
(No Punitive Damages)**

64. This Defendant's actions were not motivated by evil intent, nor were they malicious, willful or wanton, and there is no support for an award of punitive damages. Therefore, the Plaintiff's claim for punitive damages is barred and should be dismissed.

65. Further, no punitive damages award shall exceed the statutory limits contained in S.C. Code Ann. § 15-32-530, et seq. Please take notice of this Defendant's intent to utilize the applicable caps in this case.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
**(Election of Remedies)**

66. The Plaintiff has pleaded breach of contract in addition to alternative tort-based and statutory causes of Action. The Plaintiff is not entitled to make a "double recovery". Consequently, the Plaintiff must forthwith make an election of remedies and, thereby, either (a) proceed solely with the alleged statutory and tort-based causes of action or (b) proceed solely on the contractual cause(s) of action.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
**(Laches/Waiver/Estoppel)**

67. The claims against this Defendant are barred by the doctrine of laches, waiver and/or estoppel

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
**(Economic Loss Rule)**

68. Plaintiff may not recover in tort for purely economic damages.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:
**(Mitigation of Damages)**

69. Plaintiff may have failed to mitigate damages, if any, and therefore, Plaintiff's damages may be barred or reduced.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**
(Offset and Recoupment)

70. That any award on account of the claims set forth in the Plaintiff's Complaint should be offset for collateral source payments to which a right of offset exists.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**
(Reservation and Non-Waiver)

71. This Defendant reserves any additional and affirmative defenses as may be revealed or become available to it during the course of their investigation and/or discovery in the case and is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Plaintiff's Complaint, and having asserted these affirmative defenses, the Defendant, American Italian Pasta Company, prays that the Plaintiff's Complaint be dismissed with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

> HOOD LAW FIRM, LLC
> 172 Meeting Street
> Post Office Box 1508
> Charleston, SC  29402
> Phone: (843) 577-4435
> Facsimile: (843) 722-1630
>
> _____
> James B. Hood (9130)
> james.hood@hoodlaw.com
> John O. Radeck, Jr. (12021)
> john.radeck@hoodlaw.com
>
> *Attorneys for the Defendant
> American Italian Pasta Company.*

_____, 2025
Charleston, South Carolina

10