UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Norfolk Southern Railway Company,<br><br>Plaintiff,<br><br>v.<br><br>American Italian Pasta Company,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 3:25-cv-6618-SAL<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |

**TO: JAMES B. HOOD AND JOHN O. RADECK, JR., ATTORNEYS FOR DEFENDANT:**

YOU WILL PLEASE TAKE NOTICE that Plaintiff Norfolk Southern Railway Company ("Norfolk Southern" or "NS"), by and through its undersigned counsel, hereby moves this Court for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment in Norfolk Southern's favor on its contractual indemnity cause of action on the grounds stated below as well as more fully explained in the supporting memorandum of law being filed herewith. In accordance with Local Civil Rule 7.04 and 7.05 (D.S.C.), Norfolk Southern is timely filing this motion with an accompanying supporting memorandum which more fully explains the basis for the motion.

1. Where a contract is clear and unambiguous, the questions of interpretation and enforcement are matters of law for the Court. The plain and unambiguous language of the Section 10(g) indemnity provision in the contract between Norfolk Southern and Defendant American Italian Pasta Company ("AIPC") provides indemnity for "any and all claims … and expenses occasioned by any … loss of or damage to property, arising or growing out of the movement of rail cars by Industry or its agents . . . ." Because there is no genuine issue of material fact that the

underlying accident giving rise to this claim arose or grew out of AIPC's movement of rail cars, the Court must apply the indemnity provision as written, entitling Norfolk Southern to judgment in its favor as a matter of law.

2. The clear and unequivocal language of the Section 10(g) indemnity provision in the contract between Norfolk Southern and AIPC establishes as a matter of law that the parties expressly intended for AIPC to indemnify Norfolk Southern for damages arising or growing out of AIPC's movement of rail cars regardless of any claim of alleged negligence by Norfolk Southern. The agreement explicitly states that indemnity applies "regardless of whether the negligence of Railway may have caused or contributed to such … damage or loss." Thus, the indemnity provision is valid and enforceable both under binding Fourth Circuit precedent as well as more recent South Carolina cases discussing the validity of similar provisions, entitling Norfolk Southern to judgment in its favor as a matter of law.

This motion will be based upon the pleadings in this matter, depositions and discovery in the case, a memorandum of law to be filed by Norfolk Southern in support of this motion, exhibits submitted in support of the motion and memorandum, and upon applicable law.

Respectfully submitted,

**GALLIVAN, WHITE & BOYD, P.A.**

s/ Ronald K. Wray, II
Ronald K. Wray, II (Fed Bar # 5763)
William E. Whitney, III (Fed Bar # 14024)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC 29603
Telephone: (864) 271-5362
Facsimile: (864) 271-7502
rwray@gwblawfirm.com
wwhitney@gwblawfirm.com

*Attorneys for Plaintiff*
*Norfolk Southern Railway Company*

July 21, 2026
Columbia, South Carolina