# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Norfolk Southern Railway Company,<br><br>*Plaintiff,*<br>Versus<br><br>American Italian Pasta Company,<br><br>*Defendant.* | C/A No. 3:25-cv-06618-SAL<br><br><br>**EXPERT REPORT OF RONALD T. BUDRA** |

I. INTRODUCTION AND ASSIGNMENT

I, Ronald T. Budra, have been retained by counsel for the Defendant to evaluate the damages claimed by Norfolk Southern Railway Company ("NSR") arising out of the July 11, 2022 incident referenced in this matter.

This report sets forth my opinions regarding NSR's claimed damages, including but not limited to: (1) Loss of Use ("LOU") charges for locomotives; (2) repair versus scrap determinations; (3) railcar ownership and disposition issues; and (4) the methodologies employed by NSR in calculating its alleged losses.

All opinions expressed herein are stated to a reasonable degree of professional probability within the fields of railroad operations, accident investigation, and claims/risk management.

II. QUALIFICATIONS

I have more than sixty (60) years of experience in the railroad industry. Over the course of my career, I have served in multiple roles, including:

- Accident Investigator
- Risk Manager
- Claims Agent
- Operations and Safety Roles within railroad systems

My experience includes the investigation of derailments and other incidents, evaluation of equipment damage, assessment of operational impacts, and analysis of claims involving locomotives and railcars.

I have extensive familiarity with industry practices, including repair-versus-scrap determinations, equipment valuation, loss-of-use considerations, and the application and limitations of Association of American Railroads ("AAR") guidelines.

A current curriculum vitae will be provided as Exhibit A.

## III. MATERIALS CONSIDERED

1. Communications and documentation from NSR, including records, reports, estimates, photographs, and related materials;
2. NSR's claimed Loss of Use charges for locomotives #8130, #9646, and #7119;
3. NSR's initial damages demand identifying certain equipment as "scrap";
4. NSR's subsequent revised demand reclassifying certain units from "scrap" to "repaired";
5. Bates-labeled documents identified as NS 502 – 1 – 1083 and 504-000001-504-000039 produced in this matter;
6. Industry manuals and publications;
7. My professional experience.

I reserve the right to review additional materials.

## IV. METHODOLOGY

My opinions are based on:

A. Industry Experience and Practice

B. Comparative Analysis

C. Document Review and Internal Consistency

D. Economic and Operational Reasonableness

E. Evaluation of AAR-Based Methodologies

This methodology is consistent with accepted practices in railroad claims evaluation.

## V. OPINIONS

Opinion 1: Loss of Use Claims Are Unsupported and Inflated

NSR's claimed Loss of Use damages for locomotives #8130, #9646, and #7119 are speculative and improperly calculated. These claims are likely inflated by more than $4.5 million.

Opinion 2: Repair Decisions Include Non-Recoverable Betterment

NSR's repair decisions include modernization and upgrades beyond pre-incident condition, constituting non-recoverable betterment.

Opinion 3: Railcar Ownership and Disposition

NSR assumed ownership but failed to provide notice regarding disposition, undermining damages.

Opinion 4: Methodology Is Self-Serving

NSR's reliance on AAR materials requires scrutiny and may inflate damages.

VI. COMPENSATION

My compensation is based on standard hourly rates. It is not contingent on outcome.

VII. PRIOR TESTIMONY

I have not given any prior testimony, whether in a deposition or at trial, within the past five (5) years.

VIII. RESERVATION OF RIGHTS

I reserve the right to supplement

IX. DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Ronald T. Budra
Date: March 26, 2026